**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PETER JOHN DIAMOND,

    Plaintiff,

-vs-                                                Case No. 3:12-cv-983-J-34MCR

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 22; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on October 29, 2013. In the Report, Magistrate Judge Richardson recommends that the final decision of the Commissioner of Social Security (the Commissioner) be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). See Report at 22. The Commissioner has failed to file objections to the Report, and the time for doing so has now passed.

    The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th

Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 22) is **ADOPTED** as the opinion of the Court.

2. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter to the ALJ with instructions to reconsider Plaintiff's testimony regarding his pain and subjective complaints and articulate reasons for accepting or rejecting his testimony. Additionally, the ALJ may conduct any proceedings deemed necessary.

3. The Clerk of the Court is further directed to close the file.

4. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any Section 406(b) or 1383(d)(2) fee application is filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of December, 2013.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Hon. Monte C. Richardson
Counsel of Record