## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PETER JOHN DIAMOND,

        Plaintiff,

v.                                     Case No:   3:12-cv-983-J-34MCR

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 25) filed December 30, 2013.   Plaintiff certifies the Commissioner has no objection to the amount sought by Plaintiff's counsel.   This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits. (Doc. 24).

### A.    Eligibility for Award of Fees

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust.   <u>See</u> 28 U.S.C. § 2412(d)(1) and (2).

      1.     <u>Prevailing Party</u>

The Judgment in this case (Doc. 24), entered December 5, 2013, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.   The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.   <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).   Accordingly, Plaintiff is the prevailing party in this case.

      2.     <u>Timely Application</u>

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."   28 U.S.C. § 2412(d)(1)(B).   "Final Judgment" is defined as a judgment that "is final and not appealable."   28 U.S.C. § 2412(d)(2)(G). Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.   Rule 4(a)(1)(B), Fed.R.App.P.   The plaintiff then has thirty days in which to file his or her application.   Therefore, an application is timely filed if done so prior to ninety days after the judgment is entered.   <u>See</u> <u>Shalala</u>, 509 U.S. at 297-98, 113 S.Ct. at 2629; <u>Jackson v. Chater</u>, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).   Here, the Judgment was entered on December 5, 2013, and the Petition was filed December 30, 2013, twenty-five days later.   Accordingly, the Court finds the Petition was timely filed.

3.    <u>Claimant's Net Worth</u>

Plaintiff's counsel represents Plaintiff is not excluded from eligibility for an award under EAJA by any of the exclusions set forth in the Act.   (Doc. 25, ¶7).   Moreover, there is no contention that Plaintiff's net worth was in excess of $2 million at the time the Complaint was filed and thus, the Court finds Plaintiff's net worth was less than $2 million.

4.    <u>Government's Position Not Substantially Justified</u>

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole.   <u>See</u> <u>United States v. Jones</u>, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).   Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified.   In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

5.    <u>No Special Circumstances</u>

The Court finds no special circumstances indicating an award of fees would be unjust.

**B.    Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought.   Plaintiff requests a total award of $3,621.06.   That award consists of 13 hours of attorney time and 16 hours of paralegal time.   Plaintiff seeks an hourly rate of $184.00 for attorney work performed in

2012 and $186.55 for work performed in 2013.   Plaintiff seeks an hourly rate of $75 for the paralegal work.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.   28 U.S.C. §2412(d)(2)(A). The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate to the hourly rate.   Because the Commissioner does not oppose Plaintiff's proposed hourly rates of $184.00 for attorney work performed in 2012 and $186.55 for work performed in 2013, the Court will adopt these rates.   Moreover, the Court finds the hourly rate of $75 for paralegal time to be appropriate.

The Plaintiff seeks an award based on 13 hours of attorney time and 16 hours of paralegal time.   The standard used to determine the reasonableness of the number of hours compensable under the EAJA is that of "billing judgment" in private legal practice. <u>Spruil v. Bowen</u>, 691 F.Supp. 302, 307 (M.D. Fla. 1988).   In the instant case, the undersigned cannot determine whether the number of hours is reasonable as Plaintiff has failed to break down the hours or provide any description regarding how the time was spent.   Without this information, the undersigned cannot conduct any meaningful review of the hours.   Accordingly, the undersigned will deny Plaintiff's Petition without prejudice to Plaintiff filing an amended Petition and providing a detailed breakdown and description of the time spent by both attorneys and the paralegal.

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 25) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida on this the 3rd day of January, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Counsel of Record