**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PETER JOHN DIAMOND,

    Plaintiff,

v.   Case No:   3:12-cv-983-J-34MCR

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Petition for Award of Attorney's Fees Under the Equal Access to Justice Act (Doc. 25) filed December 30, 2013.  Plaintiff certifies the Commissioner has no objection to the amount sought by Plaintiff's counsel.  This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Doc. 24).

**A.    Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

    1.    <u>Prevailing Party</u>

The Judgment in this case (Doc. 24), entered December 5, 2013, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

    2.    <u>Timely Application</u>

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Rule 4(a)(1)(B), Fed.R.App.P.  The plaintiff then has thirty days in which to file his or her application.  Therefore, an application is timely filed if done so prior to ninety days after the judgment is entered.  <u>See</u> <u>Shalala</u>, 509 U.S. at 297-98, 113 S.Ct. at 2629; <u>Jackson v. Chater</u>, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on December 5, 2013, and the Petition was filed December 30, 2013, twenty-five days later.  Accordingly, the Court finds the Petition was timely filed.

3. <u>Claimant's Net Worth</u>

Plaintiff's counsel represents Plaintiff is not excluded from eligibility for an award under EAJA by any of the exclusions set forth in the Act.  (Doc. 25, ¶7).  Moreover, there is no contention that Plaintiff's net worth was in excess of $2 million at the time the Complaint was filed and thus, the Court finds Plaintiff's net worth was less than $2 million.

4. <u>Government's Position Not Substantially Justified</u>

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole.  <u>See</u> <u>United States v. Jones</u>, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

5. <u>No Special Circumstances</u>

The Court finds no special circumstances indicating an award of fees would be unjust.

**B. Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought.  Plaintiff requests a total award of $3,621.06, consisting of 13 hours of attorney time and 16 hours of paralegal time.  Plaintiff seeks an hourly rate of $184.00 for attorney work performed in 2012 and

$186.55 for work performed in 2013.  Plaintiff seeks an hourly rate of $75 for the paralegal work.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate to the hourly rate.  Because the Commissioner does not oppose Plaintiff's proposed hourly rates of $184.00 for attorney work performed in 2012 and $186.55 for work performed in 2013, the Court will adopt these rates.  Moreover, the Court finds the hourly rate of $75 for paralegal time in this locality to be appropriate.

The Plaintiff seeks an award based on 13 hours of attorney time and 16 hours of paralegal time.  The standard used to determine the reasonableness of the number of hours compensable under the EAJA is that of "billing judgment" in private legal practice.  <u>Spruil v. Bowen</u>, 691 F.Supp. 302, 307 (M.D. Fla. 1988).  In the instant case, the undersigned has reviewed the time records provided by Plaintiff and finds that the 13 hours reported by the two attorneys is reasonable.  Moreover, Plaintiff seeks 16 hours of paralegal time.  The Eleventh Circuit has recognized paralegal time as recoverable under the EAJA, "'but only to the extent that the paralegal performs work traditionally done by an attorney.'"  <u>Jean v. Nelson</u>, 863 F.2d 759, 778 (11th Cir. 1988) (quoting <u>Allen v. United States Steel Corp.</u>, 665 F.2d 689, 697 (5th Cir. Unit B 1982)).  A review

of the time records indicates the 16 hours of paralegal time was spent working on the brief, which is work traditionally performed by an attorney.[2]

**C.     Payment of Fees**

In Astrue v. Ratliff, 560 U.S. 586, 130 S.Ct. 2521 (2010), the Supreme Court implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney.  In light of this, Plaintiff does not request payment of the EAJA fees directly to his counsel.  Instead, Plaintiff asserts that after the Court grants Plaintiff's request for attorney's fees, the Commissioner will determine whether Plaintiff owes a debt to the government.  If Plaintiff does not owe any such debt, the Commissioner will accept Plaintiff's Assignment of EAJA fees and will pay the fees directly to Plaintiff's counsel.  As such, the Court will leave to the parties the issue of to whom the fees shall be paid.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

1.     Plaintiff's Uncontested Petition for Award of Attorney's Fees Under the Equal Access to Justice Act (Doc. 25) be **GRANTED**.

2.     The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $3,621.06 for attorney's fees.

---

[2] The Court notes that in addition to the 16 hours spent by the paralegal working on Plaintiff's brief, attorney Culbertson spent another 9 hours, for a total of 25 hours spent working on the brief.  While the Court acknowledges that this amount of time may be on the high side, the Court cannot conclude that the amount is patently unreasonable.  Further, the Commissioner has voiced no objection to the amount of fees sought by counsel for Plaintiff.

**DONE** and **ENTERED** in Chambers in Jacksonville, Florida on this the   6th   day of January, 2014.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Counsel of Record